IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHA'OLA TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00047-RAH |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

### INTRODUCTION

This matter is before the Court on Defendants' Bill of Costs (doc. 61) and Plaintiff's Motion to Strike (doc. 62), which the Court construes as an objection to the Bill of Costs. For the reasons stated below, the objections are due to be overruled and costs are to be taxed against Plaintiff.

### DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) presumptively allows a prevailing party to recover costs other than attorneys' fees. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1296 (11th Cir. 2001) ("The presumption is in favor of awarding costs."). But "absent explicit statutory or contractual authorization," the prevailing party can only recover costs that are listed in 28 U.S.C. §§ 1821 and 1920. *Arcadian*, 249 F.3d at 1296 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini Street, Inc. v. Oracle USA, Inc.*,

586 U.S. 334, 340 (2019). Section 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford*, 482 U.S. at 441. Thus, taxable costs, as relevant here, are limited to those items authorized in 28 U.S.C. § 1920, including:

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; [and]
> . . .
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case
> . . . .

28 U.S.C. § 1920.

As the prevailing parties due to the Court's grant of summary judgment and the Eleventh Circuit's affirmance, Defendants filed their Bill of Costs pursuant to 28 U.S.C. § 1920 on June 11, 2026. Neither party disputes that Defendants are prevailing parties here.

In their Bill of Costs, Defendants seek an award of $2,067.45, which includes $2,009.25 in fees for deposition transcripts and $58.20 for copy costs. (*Id.* at 1.) Plaintiff objects to the Bill of Costs in its entirety, claiming they are not recoverable under § 1920. (Doc. 62.)

## A.    Deposition Transcripts

Plaintiff objects to costs sought for the deposition transcripts of Plaintiff Sha'Ola Terrell, Jason Cable, and Derrick Carr. Plaintiff argues that Defendants are not entitled to costs for these transcripts because the depositions were not reasonably necessary for use in the Defendants' summary judgment motion. Defendants argue that the transcripts were reasonably necessary, as evidenced by their citations to the transcripts in their summary judgment briefing.

Deposition transcript costs generally are taxable. *EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000) ("Taxation of deposition costs is authorized by § 1920(2)."). But "where the deposition costs were merely incurred for convenience,

to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)).

Here, Defendants have established that the deposition transcripts were reasonably necessary and not for mere convenience. Plaintiff's deposition, as well as the other deposition transcripts ordered by Defendants, was cited in the Defendants' summary judgment briefing. (Doc. 22 at 9; Doc 26 at 3–4.) There is no indication that the deposition transcripts were not necessary to the case. *See, e.g.*, *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963) ("[T]he utility (and necessity) for a deposition is not alone measured by whether all or any part of it[ ] is formally offered in evidence as such. A deposition used effectively in cross examination may have its telling effect without so much as a line of it being formally proffered."). Indeed, these were key witnesses to all parties' positions, and even Plaintiff cited to some of these depositions in her summary judgment briefing. (Doc. 24 at 25; Doc. 25-18; Doc. 25-21.)

Plaintiff also argues that the "deposition transcript and court reporter fee did not cost the sought after amount" and includes costs that are "likely similar to those that have historically been stricken." (Doc. 62 at 2.) Plaintiff provides no evidence in support of these assertions. The invoice provided by Defendants does not show that it includes impermissible expenses, such as fees related to condensed transcripts, electronic transcripts, or exhibits. *See Kidd v. Maldo Am. Corp.*, 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012). Therefore, this objection is due to be overruled.

## B.   Copy Costs

Plaintiff objects to the $58.20 copy costs. Plaintiff argues that the copying charges are not recoverable because Defendants did not explain how they arrived at the figure, which copies were made, and how the costs were calculated. (Doc. 62 at 4.) Defendants argue that the costs were reasonably necessary for their summary

judgment motion. They explain that the $58.02 figure is for 291 pages copied at $0.20 per page and that the copies were of filings related to its motion for summary judgment motion and responses to discovery requests from Plaintiff. (Doc. 64 at 4.)

For copying costs to be recoverable under 28 U.S.C. § 1920(4), the prevailing party must have "reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623. "Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *Id.* (quoting *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 455 (7th Cir. 1998)).

Here, the Court is satisfied that the costs were reasonably necessary for Defendants' summary judgment motion and in responding to Plaintiff's discovery requests. The number of pages and the $0.20 cost per page are reasonable and appropriate under these circumstances. *See Bell-Haynes v. Ala. State Univ.*, No. 2:21-CV-18-ECM, 2023 WL 4566245, at *2 (M.D. Ala. July 17, 2023) (finding reasonably necessary copying expenses of $462.80 for 2,314 pages at a rate of $0.20 per page).

### CONCLUSION

Accordingly, it is **ORDERED** as follows:

1.   Plaintiff's Motion to Strike (doc. 62), which the Court construes as objections to the Bill of Costs, is **OVERRULED**; and

2.   Costs are **TAXED** against Plaintiff in the amount of $2,067.45.

**DONE** and **ORDERED** on this the 18th day of June 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4